**BEVERIDGE & DIAMOND, P.C.**

Kaitlyn D. Shannon (SBN 296735)
456 Montgomery Street, Suite 1800
San Francisco, California 94104-1251
Phone: (415) 262-4000
Email: kshannon@bdlaw.com

Bryan J. Moore (*pro hac vice*)
400 West 15th Street, Suite 1410
Austin, Texas 78701-1648
Phone: (512) 391-8030
Email: bmoore@bdlaw.com

*Attorneys for Plaintiff*
*3M Company*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 3M COMPANY,<br><br>               *Plaintiff*,<br><br>   v.<br><br>G7 ENVIRONMENT, LLC, et al.,<br><br>               *Defendants*. | **CASE NO. 2:20-CV-08892-PA-AFM**<br><br>**PLAINTIFF 3M COMPANY'S MOTION TO STRIKE DEFENDANTS' ANSWER**<br><br>Judge:     Hon. Percy Anderson<br>Courtroom:  9A, 9th Floor<br><br>Hearing Date: January 25, 2021<br>Hearing Time: 1:30 p.m.<br><br>Filed Concurrently:<br>   1) Notice of Motion to Strike Defendants' Answer<br>   2) Declaration of Kelly N. Bennett<br>   3) Proposed Order |

**TO THE HONORABLE JUDGE OF THE ABOVE-ENTITLED COURT:**

Plaintiff, 3M Company ("3M"), hereby respectfully moves to strike the answer filed by *pro se* Defendants Galvez, Forbes, and Allyn (Dkt. No. 22) as a proper sanction under Fed. R. Civ. P. 16(f)(1)(c) and 37(b)(2)(A)(iii), and L.R. 83-2.2.4, for

Defendants' refusal to cooperate on scheduling the parties' initial conference and failure to comply with the Court's November 6, 2020, scheduling order (Dkt. No. 24) and the Federal Rules of Civil Procedure.  Defendants have not responded to requests from 3M's counsel to schedule the initial conference of the parties in accordance with the Court's November 6 scheduling order and Fed. R. Civ. P. 26(f)(1).  Specifically, counsel for 3M has twice written to Defendants Galvez, Forbes, and Allyn – by letters dated November 9 and 18, 2020, and delivered via Federal Express on November 10 and 20, 2020, respectively – requesting that Defendants contact 3M's counsel to schedule the parties' initial conference.[1]  *See* Declaration of Kelly N. Bennett ("Bennett Decl."), Exhibits A-D.  As of the filing of this motion, 3M's counsel has not received a response of any kind from Defendant Galvez, Forbes, or Allyn – no letter, no email, no telephone call.

Put simply, to date the parties' have not discussed any of the matters in Fed. R. Civ. P. 26(f)(2) or the Court's November 6 scheduling order because Defendants have not responded to 3M's requests to engage with Defendants on these issues.  Defendants' refusal to cooperate and failure to comply with the Court's scheduling order and the Federal Rules of Civil Procedure significantly jeopardizes the purpose and judicial economy of the upcoming Scheduling Conference, the meaningful progress of this litigation, and the overarching goal of the Federal Rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Accordingly, today 3M is moving on two separate but related fronts to further incentivize Defendants to engage with 3M on the required joint report topics, and to facilitate the preparation and submittal to the Court of a joint report that, in turn, will facilitate a more efficient and productive Scheduling Conference:

---

[1]    Counsel for 3M is currently limited to corresponding with Defendants by letter only because Defendants did not list their telephone numbers and/or email addresses in their answer and have not otherwise provided such contact information to 3M or the Court.  Defendants also are not registered for the Court's CM/ECF System.

(1) By separate motion filed today, 3M is requesting that the Scheduling Conference be re-set for **February 1, 2021**, which would put the parties' joint report due to the Court on or before **January 18, 2021** (i.e., no less than 14 days before the Scheduling Conference, per the Court's November 6 scheduling order (Dkt. No. 24 at 2)).

(2) With the instant motion, 3M is moving to strike Defendants' answer, as a proper sanction under Fed. R. Civ. P. 16(f)(1)(c) and 37(b)(2)(A)(iii), and L.R. 83-2.2.4, for Defendants' refusal to cooperate on scheduling the parties' initial conference and failure to comply with the Court's scheduling order and the Federal Rules of Civil Procedure. 3M has noticed this motion for hearing on the Court's **January 25, 2021**, Motion Day. If 3M's motion for continuance is granted, and if this motion to strike remains pending on or after the new due date for the parties' joint report, then 3M will withdraw this motion to strike if Defendants have engaged in good faith with 3M on the joint report topics such that the parties are able to comply with their joint report obligation.

3M believes the foregoing approach furthers the overarching goal of the Federal Rules "to secure the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, by enforcing Defendants' obligation to comply with the Court's November 6 scheduling order and the Federal Rules of Civil Procedure, and recognizing both that Defendants' share responsibility for the progress of this litigation and that Defendants are proceeding *pro se* and heretofore may not have fully appreciated what that responsibility entails.

## MEMORANDUM OF POINTS AND AUTHORITIES

Striking the answer filed by Defendants Galvez, Forbes, and Allyn is an allowable and proper sanction under Fed. R. Civ. P. 16(f)(1)(c) and 37(b)(2)(A)(iii), and L.R. 83-2.2.4, for Defendants' refusal to cooperate on scheduling the parties' initial conference and failure to comply with the Court's November 6 scheduling

order and the Federal Rules of Civil Procedure.  L.R. 83-2.2.3 provides that any person appearing *pro se* is required to comply with the Court's Local Rules and with the Federal Rules of Civil Procedure.  L.R. 83-2.2.4 provides that a *pro se* party's failure to comply with these rules "may be grounds for . . . judgment by default."

Fed. R. Civ. P. 16(f)(1)(c) provides that, "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party . . . fails to obey a scheduling or other pretrial order."  In turn, Fed. R. Civ. P. 37(b)(2)(A)(iii) provides that, "[i]f a party . . . fails to obey an order . . ., including an order under Rule 26(f), . . . the court where the action is pending may issue further just orders," which may include "striking pleadings in whole or in part."

The Court's November 6 scheduling order is within the scope of Rule 16(f)(1)(c) (i.e., it is "a scheduling or other pretrial order") and Rule 37(b)(2)(A) (i.e., it is "an order under Rule 26(f)").  Furthermore, ordering Defendants' answer stricken is a "just order" for Defendants' refusal to cooperate on scheduling the parties' initial conference and failure to comply with the Court's November 6 scheduling order and the Federal Rules of Civil Procedure.  Indeed, the Court's November 6 scheduling order specifically contemplates the imposition of this sanction for the type of noncompliant behavior in which Defendants have engaged when it cautions the parties, in bold font, that: "**The failure to submit a joint report in advance of the Scheduling Conference or the failure to attend the Scheduling Conference may result in . . . striking the answer and entering default, and/or the imposition of sanctions.**"  Dkt. No. 24 at 3.

Both times that 3M wrote to Defendants requesting to schedule the parties' initial conference, 3M enclosed with its letters a copy of the Court's November 6 scheduling order.  *See* Bennett Decl., Exhibits A-B.  Moreover, recognizing that Defendants are proceeding *pro se*, 3M's November 9, 2020, letter to Defendants also enclosed copies of Rules 16 and 26 of the Federal Rules of Civil Procedure – the two Federal Rules cited in the Court's November 6 scheduling order.  *See id.*  And both

of 3M's letters to Defendants stressed the "need for timely and prompt correspondence and exchanges between the parties regarding the parties' initial conference and compliance with [the Court's November 6 scheduling] order." *Id.* Accordingly, while Defendants are proceeding *pro se*, their *pro se* status cannot justify their failure to comply with the Court's November 6 scheduling order and the Federal Rules of Civil Procedure, nor does it excuse any failure by Defendants to familiarize themselves with their obligations under the Court's order and the Federal Rules to facilitate, through compliance and mutual cooperation, the progress of this litigation.

## **PRAYER**

For the reasons set forth above, 3M respectfully requests that the Court strike the answer filed by Defendants Galvez, Forbes, and Allyn (Dkt. No. 22) as a proper sanction under Fed. R. Civ. P. 16(f)(1)(c) and 37(b)(2)(A)(iii), and L.R. 83-2.2.4, for Defendants' refusal to cooperate on scheduling the parties' initial conference and failure to comply with the Court's November 6 scheduling order and the Federal Rules of Civil Procedure.

DATED: December 14, 2020          Respectfully submitted,

**BEVERIDGE & DIAMOND, P.C.**

By:  */s/ Kaitlyn D. Shannon*
Kaitlyn D. Shannon (SBN 296735)
456 Montgomery Street, Suite 1800
San Francisco, California 94104-1251
Phone: (415) 262-4000
Email: kshannon@bdlaw.com

Bryan J. Moore (*pro hac vice*)
400 West 15th Street, Suite 1410
Austin, Texas 78701-1648
Phone: (512) 391-8030
Email: bmoore@bdlaw.com

*Attorneys for Plaintiff 3M Company*

## **PROOF OF SERVICE**

I, Kelly Bennett, declare that I am over the age of 18 years, and am not a party to the within action.  I am employed in the County of San Diego, State of California, where the mailing occurs.

On December 14, 2020, I served the following documents on the parties listed below by placing a true and correct copy of the documents in a Federal Express envelope addressed as set forth below and then sealing the envelope, affixing a pre-paid Federal Express air bill, and causing the envelope to be delivered to a Federal Express agent for delivery, in the manner as provided by Fed. R. Civ. P. 5(b) and L.R. 5-3.1.2:

1. **Plaintiff 3M Company's Notice of Motion to Strike Defendants' Answer;**
2. **Plaintiff 3M Company's Motion to Strike Defendants' Answer;**
3. **Declaration of Kelly N. Bennett; and**
4. **Proposed Order.**

Parties Served:

Aurie Galvez (Pro Se)
9350 Wilshire Boulevard, Suite 203
Beverly Hills, California 90212

Thomas Forbes (Pro Se)
3410 La Sierra Ave., Ste. F-496
Riverside, California 92503

Kevin Allyn (Pro Se)
10153 Riverside Dr., #756
Toluca Lake, California 91602

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on December 14, 2020 in San Diego, California.

*/s/ Kelly N. Bennett*
Kelly Bennett